UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH COLEMAN** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 10-1977 |
| | * | |
| **OMEGA PROTEIN, INC.** | * | SECTION "L"(4) |

## ORDER & REASONS

Before the Court is a Motion for Partial Summary Judgment (Rec. Doc. No. 13) filed by Defendant Omega Protein, Inc. The Court has reviewed the submitted memoranda and the applicable law and is ready to rule. For the following reasons, the motion is granted.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of injuries allegedly sustained by Plaintiff Joseph Coleman on April 19, 2010. Plaintiff avers that on that day, he was employed by Defendant Omega Protein, Inc. onboard the F/V MISSISSIPPI SOUND, a vessel owned and operated by Defendant. In his Complaint, Plaintiff states that he "experienced an accident" that resulted in serious injuries. The uncontroverted summary judgment record shows that between 2:00 and 3:00 am on the day in question, Plaintiff woke up from sleep and went to the bathroom to urinate. Once he finished, and as he was stepping out of the bathroom, he passed out and hit the threshold of the doorway and then the floor. On July 14, 2010, Plaintiff filed suit in this Court, seeking recovery under the Jones Act, 46 U.S.C. § 30104, for Defendant's alleged negligence and under general maritime law for the alleged unseaworthiness of the F/V MISSISSIPPI SOUND. Plaintiff has also asserted his right to maintenance and cure and seeks, to the extent that Defendant has wilfully denied him the requisite maintenance and cure, appropriate punitive damages and attorney's fees.

1

Defendant has now filed a Motion for Partial Summary Judgment, which addresses Plaintiff's claims of Jones Act negligence and unseaworthiness. Defendant argues that Plaintiff cannot point to any evidence that it was negligent, that the vessel was unseaworthy, and that any negligence or unseaworthiness caused his injury. Citing evidence that Plaintiff tested positive for cocaine during his post-accident drug screening, and evidence that the consumption of cocaine can cause an individual to pass out, Defendant also asserts that Plaintiff was contributorily negligent. Plaintiff opposes the motion. In his brief, Plaintiff disputes Defendant's assertion of contributory negligence. Plaintiff also argues that summary judgment would be premature at this time because discovery has not been completed.

## II. LAW AND ANALYSIS

### A. Standard of Review

A district court can grant a motion for summary judgment only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of

material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

**B. Jones Act and Unseaworthiness Claims**

It is elementary that a plaintiff who raises claims of Jones Act negligence and unseaworthiness bears the burden of proving his case. *See, e.g.*, Grant Gilmore & Charles L. Black, Jr., *The Law of Admiralty* § 6-36 (2d ed. 1957) ("The Jones Act plaintiff bears the burden of going forward with evidence on the essential elements of a negligence action . . . ."); Christopher Mueller & Laird Kirkpatrick, *Evidence* § 3.1 (3d ed. 2003) ("Perhaps the broadest and most accepted idea is that the person who seeks court action should justify the request, which means that the plaintiffs bear the burdens on the elements of their claims."); *see also Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 605 (5th Cir. 2007) (affirming grant of summary judgment to the defendant because the plaintiff "has not put forth any evidence to satisfy the threshold elements of his Jones Act and unseaworthiness claims").

Thus, with respect to a Jones Act claim, it is the plaintiff who must show that his employer failed to "provide . . . a reasonably safe place to work," *Simmons v. Transocean Offshore Deepwater Drilling, Inc.*, 551 F. Supp. 2d 471, 475 (E.D. La. 2008) (citing *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989)), and that this failure was "the cause, in whole or in part, of his injury," *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir.

1997) (en banc). Similarly, with respect to a claim of unseaworthiness, it is the plaintiff who must prove that his employer "failed to provide a vessel . . . which is reasonably fit and safe for the purposes for which it is to be used," *Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001), and that "the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness," *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988).

In his brief in opposition to Defendant's motion, however, Plaintiff has not identified the act or omission of Defendant that underlies his allegation that Defendant failed to provide a reasonably safe place to work. Nor has Plaintiff specified in his brief the condition onboard the F/V MISSISSIPPI SOUND that allegedly rendered the vessel unseaworthy. In other words, although Plaintiff has had the opportunity to perform discovery for several months, he has failed entirely to specify, let alone preliminarily sketch, his theories of liability and to identify evidence supporting those theories. *Cf. Brown v. Cenac Towing Co., Inc.*, No. 09-105, 2010 WL 520492, at *2 (E.D. La. 2010) (granting summary judgment because "nothing presented in [the summary judgment record] suggests any negligence on behalf of [the defendant]").

To be sure, Plaintiff has disputed Defendant's argument that he was contributorily negligent. But that is an assertion for which Defendant bears the burden of proof, *see Miles v. Melrose*, 882 F.2d 976, 984 (5th Cir. 1989), and it is evident that if the plaintiff has not adduced evidence to support the elements of his own claim, he cannot survive a motion for summary judgment on that claim by merely disputing the applicability of an affirmative defense. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that "a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (holding that summary judgment is appropriate "[i]f the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the [non-movant] has the burden of proof").

Plaintiff has also indicated that he contests some of the facts asserted by Defendant. *See* Pl.'s Statement of Contested/Uncontested Facts (Rec. Doc. No. 17-1). But it is also elementary that a non-moving party's "unsubstantiated assertion[]" that facts are in dispute is not sufficient to preclude summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Instead, the non-moving party "must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue exists." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (internal citation and quotation marks omitted); *see also Ragas*, 136 F.3d at 458 ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."). As noted above, Plaintiff has not satisfied this basic requirement.

Finally, Plaintiff argues that the motion must be denied because the period for discovery has not come to an end.[1] Plaintiff has thereby indicated that he seeks to invoke Rule 56(d) of

---

[1] The Court's original scheduling order provided that discovery would close on February 28, 2011. That deadline was extended to March 28, 2011, upon a motion filed by Defendant. As further discussed below, *see infra* note 5, Plaintiff did not join in that request. In fact, Plaintiff failed entirely to respond to that motion. Plaintiff now relies on the extension that Defendant obtained and that he himself did not seek in urging that Defendant's motion should be denied.

Civil Procedure[2] and to obtain the postponement of a definitive ruling on Defendant's motion.[3] The mere fact, however, that the period for discovery has not ended does not justify deferring a ruling on a motion for summary judgment. As the Fifth Circuit has explained, the fact "that more time [is] scheduled for discovery does not, by itself, defeat summary judgment." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994); *accord Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir. 1990) (noting that the rule "may not be invoked by the mere assertion that discovery is incomplete").

Instead, a party that seeks to postpone a summary judgment ruling under Rule 56(d) must explain "why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). "The nonmoving party 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.'" *Id.* (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). In addition, if "ample time and opportunities for discovery have already lapsed," the nonmoving party must show that it has been diligent in performing discovery. *Spence & Green Chem.*, 612 F.2d at 901; *accord Int'l Shortstop, Inc. v. Rally's, Inc.*,

---

[2] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). Prior to December 1, 2010, this rule appeared as Rule 56(f) in the Federal Rules of Civil Procedure. The Advisory Committee has stated that Rule 56(d) "carries forward without substantial change the provisions of former" Rule 56(f). *Id.* advisory committee's note. Thus, the decisions of the Fifth Circuit that explain the scope of former Rule 56(f) are equally applicable to what is now Rule 56(d).

[3] Although the rule refers to an affidavit or declaration, the Fifth Circuit has held that "so long as the nonmoving party indicates to the court by 'some equivalent statement, preferably in writing' of its need for additional discovery, the nonmoving party is deemed to have invoked the rule." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266-67 (5th Cir. 1991) (quoting *Fontenot*, 780 F.2d at 1194).

939 F.2d 1257, 1267 (5th Cir. 1991) ("If . . . the nonmoving party has not diligently pursued discovery of [the] evidence, the court need not accommodate the nonmoving party's . . . request"); 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2741 (3d ed. 2004) (noting that "the rule will be not be applied to aid a party who has been lazy or dilatory" and that a request for continuance "is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery").[4]

In light of these requirements, Plaintiff has not demonstrated that he is entitled to the "safe harbor" of Rule 56(d). *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987). Indeed, the record does not show that Plaintiff has been diligent in undertaking discovery. Plaintiff filed his case on July 14, 2010, and Defendant filed its answer on August 2, 2010. Yet, the record indicates that it was not until December 22, 2010 that Defendant received Plaintiff's discovery requests. The record also shows that even though Defendant propounded discovery requests on October 12, 2010, Plaintiff did not provide within the requisite deadlines his responses to Defendant's request for documents and his answers to Defendant's interrogatories, and Plaintiff was not made available for deposition until February 1, 2011.[5]

---

[4] The Fifth Circuit has held that "the decision to grant a continuance . . . rests in the sound discretion of the trial court." *Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. 1980); *accord Am. Lease Plans, Inc. v. Silver Sand Co. of Leesburg, Inc.*, 637 F.2d 311, 318 (5th Cir. 1981) ("When a party moves the court under [what is now Rule 56(d)] for a continuance to allow additional discovery, he directly and forthrightly invokes the trial court's discretion.").

[5] These delays prompted Defendant to file the motion to extend discovery deadlines, wherein Defendant described the pace of discovery. Prior to filing that motion, Defendant twice inquired with Plaintiff as to whether he opposed the motion, but Plaintiff did not respond to either of the inquiries. Defendant thus noticed the motion for submission in accordance with the

In his brief, Plaintiff states that none of the individuals who were on the crew of the vessel with him have been deposed. Plaintiff emphasizes that he has suffered memory loss as a result of the accident and that accordingly, he cannot at this point "determine the cause of [the] incident." Pl.'s Mem. at 3 (Rec. Doc. No. 17).[6] But Plaintiff "has proffered no reasons why the discovery [he] now deems essential was not conducted earlier," *Am. Lease Plans, Inc., v. Silver Sand Co. of Leesburg, Inc.*, 637 F.2d 311, 318 (5th Cir. 1981), especially given that "ample time and opportunities for discovery have already lapsed," *Spence & Green Chem.*, 612 F.2d at 901. Moreover, Plaintiff's apparent memory loss only makes it even more puzzling as to why he has not deposed the other crew members. Plaintiff "does not argue that [the] information [sought] was in any way inaccessible," *Am. Lease Plans*, 637 F.2d at 318, and the record is devoid of any indication that Plaintiff faced obstacles in identifying or locating the crew members he now wishes to depose, *cf. Walters v. City of Ocean Springs*, 626 F.2d 1317, 1321 (5th Cir. 1980) (noting that the rule "may" apply if the nonmovant "has not been able to locate a witness"). There is, in other words, no explanation as to why Plaintiff has not sought, or made it a priority to obtain, the information that, as he now acknowledges, would be helpful to prove his claims.

In light of Plaintiff's delays in propounding and responding to discovery requests, and his

---

local rules, thereby allowing Plaintiff the opportunity to respond. Plaintiff failed to do so, however, and he has not disputed Defendant's description of the pace of discovery in this case.

[6] Plaintiff's statement that he has suffered memory loss must be qualified. The uncontroverted deposition testimony of Plaintiff reveals that while Plaintiff has trouble remembering certain aspects of the incident, he does have memory of various details of the accident. For instance, Plaintiff recalls that prior to going to the bathroom, he was sleeping on the top bunk and that the lighting in the hallway was good. *See* Def.'s Ex. A (Rec. Doc. No. 13-3). The idea that Plaintiff has suffered a complete memory loss as a result of his fall is not supported by the record.

failure to even provide an explanation as to why the discovery that he now thinks is important has not been undertaken, the Court cannot find that Plaintiff has exhibited the degree of diligence necessary to "conclusively justify his entitlement to the shelter of [Rule 56(d)]." *Spence & Green Chem.*, 612 F.2d at 901. The circumstances here render the instant case a rare, but not unprecedented one in which the non-moving party's request for a continuance of a motion for summary judgment must be denied. *See also Krim*, 989 F.2d at 1442 (affirming denial of continuance in part because "an explanation of why plaintiff had not been able to conduct merits discovery" was "[n]otably absent" from the request for a continuance); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990) (affirming denial of continuance in part because "the plaintiffs took little or no action toward completing discovery" during the fourth-month period before the motion for summary judgment was heard and "[t]he plaintiffs did not explain to the district court why they had not completed discovery in the time already allotted"); *see also Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (affirming denial of continuance in part because the plaintiff "had several months" to take depositions, but provided no adequate justification for her failure to do so).

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 10) is hereby **GRANTED** and that Plaintiff's Jones Act and unseaworthiness claims are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana, this 15th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE