UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH COLEMAN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1977** |
| | * | |
| **OMEGA PROTEIN, INC.** | * | **SECTION "L"(4)** |

## ORDER

Before the Court is Defendant's Motion in Limine to Admit Evidence of Drug Screen (Rec. Doc. No. 23). In its motion, Defendant asks the Court to rule that evidence of Plaintiff's positive drug test is admissible at trial. Defendant argues that Plaintiff's alleged use of drugs is relevant to its defense to Plaintiff's maintenance and cure claim -- namely, that Plaintiff engaged in willful misconduct and that this misconduct caused Plaintiff to pass out and injure himself. Defendant further states that because the probative value of the drug screen is high, it also passes the balancing test under Rule 403.

In response, Plaintiff argues that evidence of the drug screen is inadmissible because Defendant has not proven the chain of custody for the urine sample used for the drug screen. In its reply brief, Defendant observes that the Fifth Circuit has held that the adequacy of the chain of custody goes to the weight of the evidence, and not its admissibility. *See, e.g.*, *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1154 (5th Cir. 1981).

Defendant has the better view of this issue. The Fifth Circuit has indeed held that "the question [of] whether the proponent of evidence has proved an adequate chain of custody goes to the weight rather than the admissibility of the evidence." *Id.*; *accord Baltezore v. Concordia*

1

*Parish Sheriff's Dep't*, 767 F.2d 202, 207 n.5 (5th Cir. 1985). Thus, "the issue of alteration, contamination or adulteration of the evidence is a question for the [finder of fact] once the proponent of the evidence makes a threshold showing that reasonable precautions were taken against the risk of alteration, contamination or adulteration." *Ballou*, 656 F.2d at 1155.

Here, Annita Jones, the employee who obtained the urine sample from Plaintiff, testified that she followed regular procedures when she received, checked, and sealed the urine sample. She testified that she put the urine sample in a bottle, sealed the bottle, and then placed the sealed bottle in a bag, which she also sealed. She further testified that the sample was picked up by LabCorp. Xavier Walker, a LabCorp employee, testified that when he received the sample, he checked to make sure that both the bag and the bottle were sealed and that everything was intact. All of this suggests that "reasonable precautions" were taken to safeguard the sample. *Id.* Accordingly, the evidence of the drug screen is admissible.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine to Admit Evidence of Drug Screen (Rec. Doc. No. 23) is hereby **GRANTED**.

New Orleans, Louisiana, this 12th day of August, 2011.

                                              UNITED STATES DISTRICT JUDGE